## ROBERT EGGLESTON v. STATE.

No. A-1335.    Opinion Filed October 26, 1912.

(127 Pac. 264.)

TRIAL.—Evidence—Directed Verdict. When the testimony on behalf of the state is insufficient upon which to base a conviction, a request by the accused for a directed verdict should be granted.

(Syllabus by the Court.)

*Error from Superior Court, Logan County;*
*S. S. Lawrence, Judge.*

Robert Eggleston was convicted of larceny from the person, and he brings error. Reversed.

*Devereux & Hildreth,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Robert Eggleston, was tried and convicted at the May, 1911, term of the superior court of Logan county on a charge of larceny of $180 from the person of W. H. Farr, and his punishment fixed at imprisonment in the penitentiary for a period of five years.

The proof on behalf of the state tends to establish that the plaintiff in error was running a colored "restaurant joint" in Guthrie in March, 1911. That about the first of said month one W. H. Farr, a white man, in company with another white man, went into this place and was drinking and carousing with a number of negroes, among them a negro woman named Collins. That the negro woman and Farr went into a room and closed the door. That when they came out Farr bought a drink for the woman and himself, and about the time the drinks were served discovered that his pocketbook was missing and accused the woman of having it. Lou Collins, who was also charged with this offense, testified that the accused told her the white man had considerable money; that she took it from him and gave it to the accused. Others of the state's witnesses testified that she gave the package to a negro named Vick, who was working in the place. None of the witnesses testified that the accused had anything to do with taking the money, and all of the testimony relied upon by the state as incriminating the accused was given by accomplices and not corroborated. We have carefully considered the record, and are unable to conclude that the testimony offered on behalf of the state is sufficient to sustain a conviction.

Counsel for the accused, at the close of the state's testimony, requested the court to advise a verdict of not guilty, which request was refused. Under the facts disclosed by the record, the motion should have been sustained and the instruction given.

The judgment is reversed, and the cause remanded for a new trial.

FURMAN, P. J., and DOYLE, J., concur.